UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| TYRIS HARVEY, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | No. 1:14-mc-00002 |
| | ) | **Chief Judge Haynes** |
| v. | ) | |
| | ) | |
| f/n/u JASPER, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff, Tyris Harvey, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against the Defendants: John Doe 1, dentist at the South Central Correctional Facility (SCCF); Wendy Ash, Medical Director at SCCF; Avril Chapman, Warden at SCCF; Jessica McElroy, Grievance Chairperson at SCCF; Jane Doe 1, nurse at sick call window on June 1, 2013; Jane Doe 2, nurse at sick call window on June 1, 2013; Corrections Corporation of America ("CCA"); and Derrick Schofield, Commission of Correction for the State of Tennessee. (Docket No. 1). Plaintiff's claims are for the denial of prompt medical treatment after the removal of his upper wisdom teeth while at the SCCF in Clifton, Tennessee. Plaintiff seeks compensatory and punitive damages. Id. at pp. 6-7.

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

1

Plaintiff Harvey seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

According to his complaint, on May 26, 2013, Plaintiff's top wisdom teeth were removed by a dentist, whose name the Plaintiff only knows as "Mr. Jasper." Plaintiff alleges that the removal procedure left the Plaintiff with a torn gum, a broken tooth, and exposed bone. Plaintiff alleges that he was in terrible pain on the day following the extractions, and he "put in" a request to see the dentist, but his request was denied. Plaintiff alleges that for the next six days, Plaintiff attempted to obtain access to a doctor or nurse, and each time the two nurses denied his request. Plaintiff does not know the nurses' names and named them (Jane Does 1 and 2). During this time, Plaintiff alleges that he experienced pain, bleeding, and pus inside the open wounds and around the broken tooth.

Plaintiff filed a grievance about his dental issues on June 1, 2013, but no one did anything as the Plaintiff was scheduled to see the dentist on June 5, 2013, as a follow-up to the extraction of his top two wisdom teeth. Plaintiff ultimately saw the dentist ten days after his extraction, but the dentist "did nothing for [the plaintiff], absolutely nothing other than cuss [the Plaintiff] out for filing a grievance against him." (Docket Entry No. 1 at p. 4).

For the next five months, the Plaintiff continued to "put in" for sick calls and was denied each time. The Plaintiff states that he learned that Wendy Ash "had given an order that [the Plaintiff] was not to be see[n] . . . ." Id. at p. 5.

Eight months after his top two wisdom teeth were extracted, the Plaintiff saw an outside

doctor who diagnosed a serious infection of Plaintiff's gums and prescribed the Plaintiff antibiotics. Plaintiff alleges that, as a result of the Defendants' failure to treat him for eight months, Plaintiff still experiences swelling under his right area and sinus cavity, and his hearing has been diminished. Id. at p. 6.

To state an Eighth Amendment claim for denial of adequate medical care, Plaintiff must allege facts that the Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Dental conditions, like other medical conditions, may be of varying severity. The standard for Eighth Amendment claims under the conditions alleged contemplates "a condition of urgency" that may result in "degeneration" or "extreme pain." *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). A cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered . . . ," *id.* at 703; *see Fields v. Gander*,

3

734 F.2d 1313, 1314-15 (8th Cir. 1984)("severe pain" due to infected tooth), the deterioration of teeth due to a lack of treatment, *see Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995)(three-week delay in dental treatment aggravated problem), or the inability to engage in normal activities, *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989)(plaintiff complained that he was unable to eat properly).

From the Court's review of the complaint, Plaintiff has stated colorable claims under the Eighth Amendment to the United States Constitution against Defendants; CCA, John Doe 1 (dentist Jasper), Jane Doe 1, Jane Doe 2, and Wendy Ash for their alleged deliberate indifference to the Plaintiff's serious medical/dental needs. 28 U.S.C. § 1915A. The Plaintiff alleges that these Defendants' actions resulted in aggravated dental problems, loss of hearing, swelling, pain, and an infection because the Plaintiff was denied dental treatment *for eight months*, a significant period of time. Plaintiff asserts that, during this eight month period, he repeatedly asked the Defendants to address his dental problems and his requests were denied. Because it is unclear what role, if any, Corrections Corporation of America (CCA) played in Defendant's Ash's alleged directive not to provide the Plaintiff with dental care, CCA will not be dismissed at this time.

As to the Plaintiff's inability to identify certain Defendants by name, although designation of "John Doe" or "Jane Doe" defendants is not favored in federal courts, it is permissible when the identity of the alleged defendants is not known at the time the complaint is filed but could be determined through discovery. *Berndt v. Tenn.*, 796 F.2d 879, 882-84 (6th Cir. 1986). Under *Berndt*, the court concludes that it would be inappropriate at this juncture to dismiss the Plaintiff's claims against the "John Doe" and "Jane Doe" Defendants because of the likelihood that the identities of these Defendants will be determined during discovery. The Plaintiff is forewarned, however, that process cannot be served until the "John Doe" and "Jane Doe" Defendants are properly identified.

Finally, the Plaintiff's claims against the remaining Defendants are premised on those Defendants' responses, or lack of responses, to Plaintiff's grievances. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims against Defendants Avril Chapman, Jessica McElroy, and Derrick Schofield based on their failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

For these reasons, the Court concludes that Plaintiff has stated Eighth Amendment claims against Defendants' CCA, John Doe 1 (dentist Jasper), Jane Doe 1, Jane Doe 2, and Wendy Ash. 28 U.S.C. § 1915A. Plaintiff's claims against the Defendants Avril Chapman, Jessica McElroy, and Derrick Schofield, fail to state claims upon which relief can be granted. Accordingly, Plaintiff's claims against those Defendants shall be dismissed.

An appropriate Order is filed herewith.

ENTERED this the ____ day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

5